IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY J. PATTERSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-0712-B |
| | § | |
| 422nd DISTRICT COURT OF | § | |
| KAUFMAN COUNTY, TEXAS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Billy J. Patterson, an inmate in the Kaufman County Jail, against Judge B. Michael Chitty, Sheriff David Byrnes, and Chief Carla Stone. On April 11, 2005, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire was then sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the questionnaire on May 20, 2005. The court now determines that this action should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

II.

Plaintiff has been incarcerated for more than year awaiting trial on unspecified criminal charges. Frustrated by this delay, plaintiff sued Judge Chitty and the Kaufman County Sheriff's Department in federal district court for violating his right to a speedy trial and false imprisonment.[2] That case is currently pending before another judge in this district. *See Patterson v. 422nd District Court of Kaufman Co., Tex.*, No. 3-05-CV-0199-K. On April 11, 2005, plaintiff filed the instant lawsuit alleging that he was denied a furlough to attend his sister's funeral in retaliation for filing the prior action. By this suit, plaintiff seeks $3 million in actual and punitive damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See*

---

[2] In an amended complaint, plaintiff added claims against the Terrell Police Department for false arrest and the Kaufman County Sheriff's Department for denial of medical care. On March 7, 2005, the magistrate judge recommended that plaintiff's speedy trial claim be severed from the underlying civil rights action and docketed as a separate habeas case. *See Patterson v. 422nd District Court of Kaufman Co., Tex.*, 2005 WL 544207 (N.D. Tex. Mar. 7, 2005).

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff alleges that he was denied a furlough to attend his sister's funeral in retaliation for filing a federal lawsuit. Jail officials may not retaliate against an inmate for exercising his right of access to the courts. *See Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 800 (1996); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir.), *cert. denied*, 106 S.Ct. 1975 (1986). In order to prove retaliation, the inmate must: (1) allege the violation of a specific constitutional right; and (2) establish that the incident would not have occurred but for a retaliatory motive. *Johnson v. Rodriguez*, 110 F.3d 299, 313 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997); *Woods*, 60 F.3d at 1166. Mere conclusory allegations are insufficient. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell*, 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166, *quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

Plaintiff's retaliation claim fails under both prongs of this test. First, there is no constitutional right to a furlough from jail. *See Morris v. McCotter*, 773 F.Supp. 969, 972-73 (E.D. Tex. 1991). *See also* TEX. GOV'T CODE ANN. § 501.006(a)(3) ("The institutional division *may* grant an emergency absence under escort to an inmate so that the inmate may attend a funeral or visit a critically ill relative.") (Emphasis added). Second, plaintiff does not allege any facts to establish retaliatory motive. (*See Spears* Quest. #1(a)). His subjective belief that he was the victim of retaliation does not give rise to a cause of action under 42 U.S.C. § 1983. *See Goss v. Dallas*

*County*, 2005 WL 525179 at *2 (N.D. Tex. Mar. 7, 2005); *Qadir v. Eason*, 2003 WL 22433910 at *9 (N.D. Tex. Aug. 12, 2003), *aff'd*, 105 Fed.Appx. 6 (5th Cir. 2004), *citing Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 1, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE